UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>V.<br><br>JON NORMAN MOREN,<br>    Defendant. | CRIMINAL NO. 5:17-01<br><br>**OPINION AND ORDER** |

Defendant Jon Norman Moren requests (DE 84) compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (DE 64). In addition, he has filed a motion for court-appointed counsel to represent him in this matter (DE 88). For the following reasons, the Court will deny both motions.

Moren pleaded guilty to possessing methamphetamine with an intent to distribute it and being a felon in possession of a firearm. By judgment dated March 6, 2019 (DE 79), the Court sentenced Moren to a prison term of 132 months. He has a projected release date of June 7, 2026.

He now moves to modify his sentence under 18 U.S.C. § 3582(c)(1)(A), which provides for what is commonly referred to as "compassionate release." He states he tested positive for COVID-19 on May 25, 2020 and that the prison has not implemented adequate measures to ensure that does not become infected again. He states that he continues to display symptoms associated with COVID-19 such as severe fatigue, shortness of breath, chest pressure, and loss of sense of smell and taste. He also states he is obese and that he is taking immunocompromising medication. He asserts that both conditions subject him to greater risk of death and serious illness from COVID-19.

18 U.S.C. § 3582(c)(1)(A) allows a court, upon a proper motion, to modify a term of imprisonment and grant what is commonly referred to as "compassionate release." Prior to the First Step Act, PL 115-391, 132 Stat 5194 (Dec. 21, 2018), the court could not grant a motion for compassionate release unless the director of the Bureau of Prisons (BOP) filed the motion. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow the court to grant a motion for compassionate release filed by the defendant himself "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C.A. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018).

The Sixth Circuit recently determined that the occurrence of one of the two events mentioned in the statute is a "mandatory condition" to the Court granting relief. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id.* at 834. The government concedes that more than 30 days have lapsed since Moren requested compassionate release from the warden and that, accordingly, the Court has authority to consider his request for compassionate release. (DE 86, Response at 6-7.)

The compassionate release statute permits this Court to "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C.A. § 3582(c)(1)(A). Under the applicable provision of Section 3582(c)(1)(A), however, the Court may grant this relief only if it finds that "extraordinary and compelling reasons warrant such a reduction," and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C.A. § 3582(c)(1)(A)(i).

2

The statute does not define "extraordinary and compelling." Nevertheless, the policy statement by the Sentencing Commission applicable to Section 3582(c)(1)(A) sets forth the circumstances under which extraordinary and compelling reasons exist for modifying a sentence.

One of these is the medical condition of the defendant. The defendant must be suffering from a "terminal illness," or he must be suffering from a serious physical or mental impairment "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1. Moren does not assert, nor is there an evidence in the record, that he has a terminal illness as defined under the policy statement. Likewise, he does not assert, nor is there any evidence in the record, that he has a permanent impairment that has substantially diminished his ability to provide self-care within the prison environment.

The policy statement also has a catchall provision, which provides that undefined "other reasons" may exist that constitute an extraordinary and compelling reason to modify a sentence. These "other reasons" may only be "determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13 n. 1 (D). This Court has no authority to find "other reasons" that may justify a sentence reduction beyond those delineated in the policy statement. *See United States v. Lynn*, No. CR 89-0072-WS, 2019 WL 3805349, at *2 (S.D. Ala. Aug. 13, 2019).

Even if extraordinary and compelling circumstances did exist, the Court must still consider whether "the factors set forth in section 3553(a) to the extent that they are applicable" support the requested sentence reduction. 18 U.S.C. § 3582(c)(1)(A); *see United States v. Spencer*, No. 20-3721, 2020 WL 5498932, at *2 (6th Cir. Sept. 2, 2020). These factors include, among other things: (1) "the nature and circumstances of the offense and the history and

characteristics of the defendant;" (2) the sentencing range for the applicable category of offense; and (3) the need for the sentence imposed to adequately deter criminal conduct, to protect the public from the defendant's further crimes, and to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a). The court must also find that the defendant "is not a danger to the safety of any other person or to the community." U.S. Sentencing Guidelines Manual § 1B1.13 (referencing 18 U.S.C. § 3142(g)).

The Court finds that the factors under 18 U.S.C. § 3553(a) do not support Moren's release. He was convicted of a serious drug offense, involving a large quantity of methamphetamine. His firearm offense involved the possession of multiple firearms. He had a prior history of similar drug offenses. He has served only about a third of the sentence imposed. Considering the need for Moren's prison term to deter future criminal conduct, promote respect for the law, and provide just punishment, release is not appropriate. Further, based upon the record before it, the Court cannot find that Moren would not pose a danger to the safety of any person or the community if he were to be released.

To the extent that Moren requests that the Court order that he serve the remainder of his prison term on home confinement, this Court has no authority to do so. The BOP is the entity that has the authority to designate the place of a prisoner's imprisonment, not the court. 18 U.S.C. § 3621(b); *United States v. Townsend*, 631 F. App'x 373, 378 (6th Cir. 2015).

As to Moren's motion to appoint counsel, there is no constitutional right to counsel in proceedings filed under 18 U.S.C. § 3582. *United States v. Walker*, No. CR 6:06-111-DCR, 2019 WL 3240020, at *4 (E.D. Ky. July 18, 2019) (citing *United States v. Bruner*, No. 5:14-cr-05-KKC, 2017 WL 1060434, at *2 (E.D. Ky. Mar. 21, 2017)). The decision to appoint counsel

falls within the Court's discretion, but appointment of counsel is unnecessary where the issues raised in a § 3582 motion "are straightforward and resolvable upon review of the record." *United States v. Clark*, No. 6:07-013-DCR, 2019 WL 7161209, at *2 (E.D. Ky. Feb. 14, 2019). Moren has raised no complex issues. The Court was able to resolve his motion on the record before it. Accordingly, appointment of counsel is not appropriate.

Accordingly, the Court **HEREBY ORDERS** that Moren's motion for compassionate release (DE 84) and his motion for appointment of counsel (DE 88) are **DENIED**. The Court further ORDERS that Moren's motion to supplement (DE 90) is GRANTED.

Dated October 15, 2020

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY